## Snyder v. Commonwealth.

(Decided June 8, 1923.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Failure to Copy Verdict in Judgment Must be Questioned on Motion for New Trial.—The failure of the clerk to copy the verdict in the judgment at the time the latter was entered, though it was copied into the judgment under order of the court before the transcript on appeal was prepared, cannot be complained of by accused on appeal, where he did not rely thereon in his motion and grounds for a new trial.

2. Arrest—Warrant Charging Possession of Intoxicating Liquors Held Sufficient.—A warrant issued by a county judge accusing defendant of unlawfully having in possession spirituous, vinous, malt, and intoxicating liquors not for sacramental, scientific, medical, or mechanical purposes, was sufficiently definite and certain.

3. Criminal Law—Evidence of Purchase in Presence of Witness Held Competent on Charge of Unlawful Possession.—In a prosecution for unlawful possession of intoxicating liquors, testimony by the prosecuting witness that, at the time he saw the liquor in possession of defendant, defendant sold some of it to a purchaser, held competent.

4. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Unlawful Possession.—Evidence that witness had seen white mule which looked and smelled like whiskey, in defendant's possession, and that it was sold to those who asked for whiskey, was sufficient, if believed by the jury, to sustain a conviction for unlawful possession of intoxicating liquors.

5. Criminal Law—Incompetent Declaration Which was Promptly Excluded by Trial Judge Held Not Prejudicial.—Where prosecuting witness, when asked how he came to go to defendant's place of business, stated his friend invited him to show him how easy it was to buy a drink in the town, objection to which statement was sustained and the evidence excluded by the trial judge, the admission of the statement was not prejudicial to accused in view of the prompt action of the trial judge.

6. Criminal Law—Permitting Affidavit to be Read as Deposition of Absent Witness Prevents Complaint of Refusal of Continuance.— Where accused moved for continuance on the ground of the absence of a witness and the Commonwealth allowed the affidavit showing the testimony the witness would give if present to be read as a deposition of the absent witness, there was no error, of which accused can complain, in refusing the continuance.

CROSSLAND & CROSSLAND for appellant.

THOS. B. McGREGOR, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The warrant issued in this case by the judge of the
county court accuses appellant Snyder of the offense of
unlawfully having in his possession spirituous, vinous,
malt and intoxicating liquors not for sacramental, scien-
tific, medical or mechanical purposes. No defense was
made by appellant before the county judge, but when
the judgment was entered he appealed to the circuit
court, where a trial was had, resulting in the conviction
of appellant and the infliction of a fine of $100.00 and im-
prisonment for thirty days. From the judgment entered
upon the verdict Snyder appeals, assigning eight reasons
why the judgment should be reversed.

His chief reliance for a reversal of the judgment is
upon the failure of the clerk of the circuit court in enter-
ing the judgment of conviction to copy the verdict in the
judgment at the time the same was entered. The judg-
ment recites all of the proceedings had at the trial, and
then comes this sentence: ''Argument of counsel con-
cluded the jury retired to consider its verdict and, after
deliberation, returned into open court the following ver-
dict, viz.'' Following this is a blank space. There is no
verdict copied in the original judgment. This, however,
does not appear in the record as certified by the clerk.
There was a verdict returned by the jury, for in his mo-
tion and grounds for new trial appellant mentions the
verdict of the jury several different times and complains
of it. It also appears from the certificate of the clerk
that the record, including the warrant on which the ver-
dict was entered, was withdrawn from his office immedi-
ately after the return of the verdict, and that at the time
the judgment was written up the clerk did not have the
verdict before him, and therefore could not copy it but in-
tended to do so as soon as the record came back into the
office. The matter passed for several days when the at-
torney for the Commonwealth entered a motion in writ-
ing to complete the record by entering the verdict at the
proper place in the judgment. This motion the court sus-
tained and the verdict was entered. The record was then
complete. That was before the appeal. Even if it were
not so the appellant is in no position to complain of the
error for he did not set it out in his motion and grounds
for new trial.

Complaint is made of the insufficiency of the warrant. We have read it carefully and find it to be very much more definite and certain than most warrants issued under like circumstances in similar cases, which have been upheld by this court.

Appellant also insists that the court admitted incompetent evidence, but this is based upon the conclusion of appellant that inasmuch as the warrant charged him with having intoxicating liquors in possession, evidence that he also sold some of the liquor which he had in possession, was incompetent and prejudicial. The facts are, as shown by the record, that appellant was running a dram shop in the back of a barber shop and that the witness with another man entered the place and one of them called for a drink of whiskey, whereupon the appellant set out a bottle of whiskey and two glasses, one of them being a dram glass and the other contained water to be used as a "chaser." The purchaser of the drink took it and followed the dram with water. The witness did not taste the liquor but saw it and said it looked like "white mule," meaning white liquor, and that it smelled like whiskey. Other patrons of the place came in and asked for whiskey. The foregoing evidence was sufficient, if believed by the jury, to sustain the verdict. The prosecuting witness was asked how he came to go to that place and said that his friend invited him to go and said in substance, "I will show you how easy it is to buy a drink in this town," and then the prosecuting witness went back into the dram shop where the dram was being served. This evidence of what was said to the prosecuting witness before he went into the dram shop was objected to by counsel for appellant; the objection was sustained and the evidence excluded. This evidence was incompetent and should not have been heard by the jury, but inasmuch as the court promptly sustained the motion of appellant to exclude the answer, it was not prejudicial.

Appellant asked for a continuance of the case in the circuit court and filed affidavit showing that a certain witness was absent and what he would prove if present. By agreement the Commonwealth allowed this evidence to be read as the deposition of the absent witness. There was no error in this of which appellant can complain.

The whole record considered we are of opinion that appellant received a fair and impartial trial.

Judgment affirmed.